## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ERIC SCURRY,**

     *Plaintiff.*

**v.**

**MARY DAVIS**, *et al.*,

     *Defendants.*

**Case No. 1:24-cv-1237**

## <u>MEMORANDUM ORDER</u>

Plaintiff Eric Scurry has sued his former appointed counsel for legal malpractice. Before the Court is a Motion to Dismiss filed by Mary Davis, Christopher Davis, and their law firm Davis & Davis (collectively, "Defendants"). For the reasons contained herein, the Motion to Dismiss is **DENIED**.

## I.    BACKGROUND

In July 2009, the Federal Bureau of Investigations (FBI) began an investigation into a drug trafficking scheme around multi-unit apartment buildings in Washington, D.C. Compl. ¶ 12, ECF No. 1. The FBI subsequently obtained a wiretap of Scurry's phone along with several of his co-defendants. *Id.* In late 2010, Scurry was charged with conspiracy to distribute cocaine and possession with intent to distribute alongside six co-defendants, with Christopher Davis initially handling his case. *Id.* ¶ 18.

Scurry's co-defendants filed motions to suppress the wiretap evidence, which Scurry joined. *Id.* ¶ 20. After the District Court initially denial of the motions to suppress, Scurry's co-defendants appealed the decision. *Id.* ¶ 15. Meanwhile, Scurry's counsel was changed from Christopher to Mary Davis right before his scheduled trial. *Id.* ¶ 26. Mary Davis advised Scurry

to take the plea agreement that ultimately waived his right to appeal the denial of the motions to suppress that he had joined previously. *Id.* Scurry alleges that "[n]either Mary Davis then, nor Chris Davis beforehand, discussed with [Scurry] the possibility of waiving his right to appeal with the exception of preserving all of his objections to the wiretap evidence for appeal." *Id.* ¶ 31. Scurry was sentenced to twelve years in prison accompanied by five years of supervised release. *Id.* ¶ 48. In 2016, his co-defendants' appeal, however, was successful—the D.C. Circuit reversed the District Court's decision denying the motion to suppress. *Id.* ¶¶ 51–52. But because Scurry waived his appeal rights in his plea agreement, he did not benefit from this ruling—the Government moved to dismiss the cases against Scurry's co-defendants, but not Scurry, and his co-defendants were released. *Id.* ¶ 52.

Scurry then sought to dismiss his indictment because it relied on the suppressed evidence, with Mary Davis representing him. *Id.* ¶¶ 53, 62. This motion for post-conviction relief was ultimately unsuccessful, but the D.C. Circuit noted other viable grounds for post-conviction relief that Ms. Davis failed to raise—"specifically Mary Davis's conflicted interest against raising her own ineffective assistance of counsel." *Id.* ¶ 82. On April 5, 2021, the D.C. Circuit ordered Mary Davis disqualified, remanded the case to the District Court, and ordered the appointment of conflict-free counsel to represent Scurry. *Id.* ¶ 83.

Scurry was released to home confinement on April 28, 2021. *Id.* at ¶ 94. He was appointed new counsel who filed another motion to vacate his sentence under Section 2255, which remains pending with this Court. *Id.* at ¶ 98; see *United States v. Scurry*, 10-cr-310-RCL-4, ECF No. 424.

In sum, Scurry alleges legal malpractice by Defendants in the initial trial court proceedings, in the first motion to vacate Scurry's sentence under Section 2255, and on appeal of

the denial of Scurry's first Section 2255 motion. Compl. ¶ 1. As a result of his plea agreement, prison sentence, and subsequent denials of post-conviction relief, Scurry alleges that he has endured extreme emotional pain and suffering and loss of income. *Id.* ¶ 87. He claims that Defendants engaged in blatant wrongdoings when handling his case with "deliberate malice and conscious disregard" for his legal and constitutional rights under federal law. *Id.* ¶ 4.

## II.     LEGAL STANDARD

Under the Federal Rules of Civil Procedure Rule 12(b), a defendant can move to dismiss a complaint for failure to state a claim. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and assert claims that are not just conceivable but also plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (1955). In ruling on a motion to dismiss, the Court "must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008).

## III.     DISCUSSION

### A. Judgmental Immunity

Defendants first raise the affirmative defense of judgmental immunity, claiming that the alleged misconduct in handling Scurry's case arose from reasonable professional judgment. Mot. to Dismiss 4. Affirmative defenses may be raised in a pre-answer motion under Rule 12(b) if the facts that give rise to the defense are clear from the face of the complaint. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). The judgmental immunity defense has two elements: "(1) the alleged error is one of professional judgment, and (2) the attorney exercised reasonable care in making [that] judgment." *Rocha v. Brown & Gould, LLP*, 101 F.

Supp. 3d 52, 75 (D.D.C. 2015) (quoting *Encyclopaedia Britannica, Inc. v. Dickstein Shapiro, LLP*, 2012 WL 8466139, at *17). However, questions of judgmental immunity generally require more facts than those alleged in the complaint. *See Tovar v. Regan Zambri Long, PLLC*, 321 A.3d 600, 613 (D.C. Cir. 2024) ("Judgmental immunity is an affirmative defense that is generally not amenable to resolution at the motion-to-dismiss . . . stage.").

In this case, Defendants argue that they are protected by judgmental immunity for two reasons: first, Defendants knew that Scurry's co-defendants' motions to suppress were not supported by settled law and second, they believed that raising that issue on appeal would not have affected the evidence against Scurry. Mot. to Dismiss 4. But to make these arguments, Defendants must draw upon facts outside of the Complaint. The Court would have to make a determination as to what was "settled" law at the time the legal advice was rendered, and would also have to consider whether the wiretap evidence contained any information that directly implicated Scurry's criminal activity—a point which the parties dispute. *Id.* at 5.

Moreover, Scurry alleges a whole host of actions that amounted to legal malpractice, including failure to adequately prepare for proceedings, failure to inform Scurry of his rights, and failure to provide conflict-free counsel at various stages of this prolonged litigation. It does not appear that the defense of judgmental immunity would apply to all of these allegations—indeed, Defendants appear to focus on their advice regarding the motions to suppress wiretap evidence, without addressing Scurry's other legal malpractice allegations. Therefore, the Court denies the motion to dismiss on this ground.

### B.  The Statute of Limitations

Defendants raise a second reason for dismissal: Scurry's malpractice claim, they argue, falls outside of the relevant statute of limitations. Mot. to Dismiss 9. As provided by the D.C.

Code § 12–3-1(8), the statute of limitations for legal malpractice claims is three years "from the time the right to maintain the action accrues."  However, D.C. Code § 12–302 provides that the statute of limitations shall be automatically tolled in instances of the plaintiff's legal disabilities—including, as is relevant here, imprisonment—and the time will begin accruing when the disability has been removed.  Here, Scurry was imprisoned after his plea agreement on September 10, 2012, and he was subsequently released to home confinement on April 28, 2021.  Opp'n 16; Compl. ¶ 94.  He filed his Complaint in April 2024.  Therefore, since the time began accruing upon Scurry's release from prison, as the Court understands, then Scurry's malpractice claim falls within the three-year statute of limitations.

Defendants argue that the Court should use its discretion to conclude that tolling is not applicable in this case, but the Court is not persuaded.  The cases cited by Defendants in support of their position simply hold that courts should not give expansive interpretations to the different disabilities under the tolling provisions.  *Hendel v. World Plan Exec. Council*, 705 A.2d 656, 665 (D.C. 1997).  But there is no need for interpretation of what constitutes "imprisonment" here, and there is no doubt that Scurry was imprisoned during and after his trial, warranting tolling of the statute of limitations.  *See Brown v. Jonz*, 572 A.2d 455 (D.C. Cir. 1990) (holding that a legal malpractice claim would usually accrue when sentence is imposed but was tolled due to the imprisonment of the plaintiff during trial and immediately following final sentencing).

Any factual disputes about the period of tolling that Defendants wish to raise are not properly considered at the motion to dismiss stage.  *See Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1981)) ("[A] motion to dismiss may be granted on the basis that the action is time-barred *only* when it appears from the face of the complaint that the relevant

statute of limitations bars the action.'") (emphasis added).  On the face of the Complaint, this Court does not see a statute of limitations issue.

### C.  Failure to Abide by the Rules Governing Civil Complaints

Defendants lastly argue that Scurry's repeated errors in his complaint warrants dismissal. Mot. to Dismiss 13.  Although repeated failures to abide by filing rules can warrant dismissal in certain circumstances, that decision depends on several factors, including the severity and frequency of the violations, the prejudice to the opposing party, and whether lesser sanctions would suffice.  *Baba v. Goldstein*, 996 A.2d 799 (D.C. Cir. 2010).  Courts are generally unlikely to dismiss a complaint on the basis of technical mistakes as there is a strong preference to resolve cases on their merits rather than on technicalities.  *Morrissey v. Mayorkas*, 17 F.4th 1150 (D.C. Cir. 2021).  And here, the technical mistakes made on the initial Complaint by Scurry do not warrant dismissal.

### IV.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 10, is **DENIED**.


**IT IS SO ORDERED.**

Date:  <u>March 31, 2025</u>

_____
The Hon. Royce C. Lamberth
U.S. District Judge