UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIC SCURRY,

*Plaintiff,*

v.

MARY E. DAVIS, et al.,

*Defendants.*

**Case No. 1:24-CV-1237-RCL**

## MEMORANDUM OPINION

This civil malpractice action arises out of Plaintiff's 2012 guilty plea for drug-related charges. Defendants have once again moved to dismiss pursuant to Federal Rule 12(b)(6), this time arguing that the Court should apply collateral estoppel to preclude Plaintiff's claim. For the reasons stated herein, Defendants' motion will be granted.

## I. BACKGROUND

### A. Plaintiff's Criminal Case

Because of the long history of Plaintiff's underlying criminal case, which has been recounted in detail elsewhere, *see United States v. Scurry*, No. 1:10-cr-310-4, 2026 WL 1266157, at *1–*5 (D.D.C. May 8, 2026), the Court assumes familiarity with those facts and provides only a brief overview to place the present dispute in context.

#### 1. District Court Proceedings

In 2009, the FBI conducted an investigation into narcotics distribution at an apartment complex in Washington, D.C. *See* Compl. ¶¶ 12, 16; *Scurry*, 2026 WL 1266157, at *1.

"Suspecting that Mr. Scurry was dealing crack cocaine, the FBI focused its investigation on him and obtained a wiretap on his cell phone after gathering evidence against him from cooperating witnesses, physical surveillance, and recorded conversations, among other things." *Scurry*, 2026 WL 1266157, at *1; Compl. ¶ 12. After being charged, Plaintiff plead not guilty to conspiring to "distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of crack cocaine." *Scurry*, 2026 WL 1266157, at *1; Compl. ¶ 17.

The district court appointed Chris Davis as his counsel. Compl. ¶ 18. Plaintiff, along with other criminal defendants, filed a motion to suppress the evidence obtained by the FBI's wiretaps, which the district court denied. *Id.* ¶ 20.

On the eve of trial, Mary Davis replaced Chris Davis as Plaintiff's counsel. *Id.* ¶¶ 25–26. She advised Plaintiff to sign a plea agreement which included a waiver of Plaintiff's right to appeal the district court's ruling on the suppression motion. *Id.* ¶¶ 30–32. "His co-defendants likewise pleaded guilty, but unlike Mr. Scurry's plea agreement, several of theirs expressly preserved a broader right to appeal the denial of each other's suppression motions." *Scurry*, 2026 WL 1266157, at *2. Plaintiff states that was not aware that the plea included that waiver. Compl. ¶ 32.[1]

Plaintiff contemporaneously pled guilty to "conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base" and "conspiracy to launder monetary instruments." *Id.* ¶ 40.

[1] Of course, Plaintiff confirmed in writing that he understood the agreement, was aware of its legal consequences, and signed it voluntarily. *See* Scurry Plea Agreement, No. 10-cv-00310-RCL-4, ECF No. 231 at 12.

As a result, Plaintiff was "sentenced to twelve years of imprisonment, followed by five years of supervised release—the sentence stipulated to in his Rule 11(c) plea offer." *Scurry*, 2026 WL 1266157, at *2.

2. Direct Appeal

Plaintiff, along with his co-defendants, appealed the district court's denial of his suppression motion. *Id.* The Circuit appointed new counsel for Plaintiff during this appeal, *see United States v. Scurry*, 821 F.3d 1, 5 (D.C. Cir. 2016), because Plaintiff had alleged that Ms. Davis had "coerced him into pleading guilty and that Mr. Davis, her husband, had provided ineffective assistance," *Scurry*, 2026 WL 1266157, at *2 (citing Motion at 4, *United States v. Scurry*, No. 12-3104 (D.C. Cir. Mar. 27, 2013), ECF No. 1428070); Compl. ¶ 50. But Plaintiff's new counsel did not raise the ineffective assistance claim in the Circuit. *Scurry*, 2026 WL 1266157, at *2.

The Court of Appeals reversed the district court's decision not to suppress evidence obtained from wiretaps of Plaintiff's co-defendants' phones. *Id.* ¶ 51; *Scurry*, 821 F.3d at 13–14. As a result, Plaintiff's co-defendants were released. Compl. ¶ 52. But the Circuit affirmed the denial of Plaintiff's own suppression motion. *Scurry*, 821 F.3d at 16, 18.

3. First § 2255 Petition

On remand, Plaintiff filed a *pro se* motion to dismiss his indictment, alleging that it was based on the suppressed evidence. Compl. ¶ 53. The district court then again appointed Ms. Davis to the case. *Id.* ¶ 55. Ms. Davis filed a § 2255 Petition to vacate Plaintiff's plea, arguing that he had not made the agreement voluntarily or intelligently. *Id.* ¶¶ 62–66.

But Ms. Davis did not inform Plaintiff that his plea agreement had waived any argument regarding his co-defendants' wiretaps. *Id.* ¶ 58. And she did not inform Plaintiff "that the common

and likely only legally viable way to challenge his conviction and sentence at this procedural stage would be to press an ineffective assistance of counsel claim against herself and/or her husband." *Scurry*, 2026 WL 1266157, at *3 (internal quotation marks omitted) (quoting *United States v. Scurry*, 992 F.3d 1060, 1064 (D.C. Cir. 2021)); Compl. ¶ 59.

Though the evidence in Plaintiff's case had included wiretapped recordings from his co-defendants' suppressed wiretaps, Compl. ¶ 68, Ms. Davis did not demonstrate that fact to the court, *id.* In fact, while representing Plaintiff during the plea, Ms. Davis "admitted that she did not even know whether Scurry's communications were captured by the wiretaps of his co-defendants' phones, a fact of potentially critical significance to his ability to challenge those wiretaps." *Scurry*, 992 F.3d at 1068.

The district court denied Plaintiff's petition because he had not established that he "was not the target of the wiretaps that the D.C. Circuit found invalid and he has not established in his pleadings that he was a party to the wiretap intercept," meaning that the suppression of evidence as to his co-defendants did not render his plea involuntary. *United States v. Scurry*, 318 F. Supp. 3d 365, 369 (D.D.C. 2018).; *id.* ¶ 69. The Court accordingly denied Plaintiff's petition. *Scurry*, 318 F. Supp. at 369.

4. § 2255 Appeal

Plaintiff appealed and was again represented by Ms. Davis. *See* Compl. ¶ 75. The Circuit affirmed, holding that by "pleading guilty, Scurry specifically waived any challenge to the government's evidence other than his expressly reserved challenge to the district court's denial of his own motion to suppress evidence from the wiretap on his telephone." *Scurry*, 992 F.3d at 1066; Compl. ¶ 80.

"But the Circuit proceeded to address an argument that Mr. Scurry did not raise—namely, the ineffectiveness of Mr. and Ms. Davises' assistance during the plea negotiations." *Scurry*, 2026 WL 1266157, at *4; *Scurry*, 992 F.3d at 1067. The Circuit held that Plaintiff's only viable legal argument would have been "to level an ineffective assistance of counsel claim" against Ms. Davis or her husband to "challenge to the voluntary and intelligent nature of his plea based on the suppression of the other wiretaps . . . ." *Scurry*, 992 F.3d at 1068. The Circuit did not mince words when describing the conflict in Ms. Davis's representation, and its discussion is worth quoting at length:

> [T]he record incontrovertibly establishes that the conflict of interest impaired Davis's representation of Scurry in the district court and in this court. Davis brought a challenge to Scurry's plea that is squarely foreclosed by precedent and omitted a plausible ineffectiveness claim that courts have allowed in precisely this context. Still worse, by affirmatively intervening in Scurry's collateral proceedings despite the conflict and not pressing the ineffective assistance claim, Davis seemingly "ma[d]e a choice advancing [her] own interest at the expense of [her] client's."

*Id.* at 1068–69 (quoting *United States v. Taylor*, 139 F.3d 924, 930 (D.C. Cir. 1980)). At this point, the Court of Appeals disqualified Ms. Davis, Compl. ¶ 82, and concluded "that Mr. Scurry was owed a fresh attempt to file a § 2255 petition with unconflicted counsel," *Scurry*, 2026 WL 1266157, at *4 (citing *Scurry*, 992 F.3d at 1068–69).

5. Second § 2255 Petition

Plaintiff's new counsel then moved to vacate his sentence based on ineffective assistance of counsel. *Id.* ¶ 98. The Court denied that petition in May 2026 because Plaintiff had failed to establish prejudice resulting from accepting the plea deal, even assuming that Ms. Davis had been ineffective. *Scurry*, 2026 WL 1266157, at *6.

**B. The Present Lawsuit**

Plaintiff filed this civil lawsuit in April 2024 alleging malpractice on the part of Ms. Davis, her husband, and their law firm. Compl. ¶¶ 6–8. That malpractice, he claims, has caused him harm through unlawful imprisonment. *Id.* ¶ 2. Plaintiff styles his claims as two counts.

First, Plaintiff alleges that Defendants committed malpractice from 2011–2013 by failing to "review the Government's discovery, . . . investigate Plaintiff's case, [] explore viable legal defenses, [] provide information and advice about the Government's proposed plea agreement and its appeal waiver, [and] disclose material information to the Court in his plea colloquy . . . ." *Id.* ¶ 103. Second, Plaintiff alleges that between 2017 and 2021 Defendants committed malpractice by "concealing grounds for suppression of evidence and dismissal of his case . . . ." *Id.* ¶ 108.

Defendants filed a Motion to Dismiss in May 2024. Defs.' Mot. to Dismiss, ECF No. 10 ("First MTD"). Defendants argued that Plaintiff's suit was barred by judgmental immunity, *id.* at 4, and by the applicable statute of limitations, *id.* at 9. Defendants further argued that the Court should dismiss the case because of filing errors. *Id.* at 13.

The Court denied Plaintiffs' motion in March 2025. Order, ECF No. 16. First, the Court held that Defendants had not established judgmental immunity based upon the Complaint. *Id.* at 4. To establish judgmental immunity, Defendants would have to demonstrate that "(1) the alleged error is one of professional judgment, and (2) the attorney exercised reasonable care in making [that] judgment." *Id.* at 3 (internal quotation marks omitted) (quoting *Rocha v. Brown & Gould, LLP*, 101 F. Supp. 3d 52, 75 (D.D.C. 2015)).

But the Court determined that conducting that analysis would require the Court to determine that Plaintiff's "co-defendants' motions to suppress were not supported by settled law"

and that Defendants "believed that raising that issue on appeal would not have affected the evidence against [Plaintiff]." *Id.* at 4 (citing First MTD at 4). Because Parties disputed the "settled" law and whether the wiretap evidence contained information that implicated Plaintiff, the Court held that Defendants had not established the affirmative defense of judgmental immunity from the Complaint. *Id.* at 3–4; *see also Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998).

Second, the Court held that Plaintiff's suit was not barred by the statute of limitations. Order at 5–6. Though the "statute of limitations for legal malpractice claims is there years 'from the time the right to maintain the action accrues,'" Order, ECF No. 16, at 5 (quoting D.C. Code § 12–3-1(8)), that time is tolled "in instances of the plaintiff's legal disabilities—including, as relevant here, imprisonment," *id.* (quoting D.C. Code. § 12–302). Because "time began accruing upon [Plaintiff's] release from prison," the Court determined that the Complaint was timely filed. *Id.*

Finally, the Court determined that Plaintiff's filing errors did not warrant dismissal due to the "strong preference to resolve cases on their merits rather than on technicalities. *Id.* at 6 (citing *Morrissey v. Mayorkas*, 17 F.4th 1150 (D.C. Cir. 2021)); *see also Cohen v. Bd. of Trs.*, 819 F.3d 476, 482 (D.C. Cir. 2016).

Defendants filed an Answer in April 2025. Answer, ECF No. 19.

Now, Defendants have again moved to dismiss the Complaint pursuant to Federal Rule 12(b)(6). Mot. to Dismiss, ECF No. 30 ("Second MTD"). The motion is now fully briefed and ripe for the Court's review. *See* Pl.'s Response, ECF No. 31; Defs.' Reply, ECF No. 34.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

To survive a 12(b)(6) motion, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court evaluating a Rule 12(b)(6) "motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor." *Alemu v. Dep't of For-Hire Vehicles*, 327 F. Supp. 3d 29, 40 (D.D.C. 2018). However, "[a] court need not accept a plaintiff's legal conclusions as true, nor must a court presume the veracity of legal conclusions that are couched as factual allegations." *Id.* (citation omitted).

## III. ANALYSIS

The question is whether Defendant could be found, accepting Plaintiff's factual allegations as true, to have breached their duty to Plaintiff. Defendants argue that Plaintiff cannot establish a breach of duty because Plaintiff is collaterally estopped from demonstrating prejudice resulting from Defendants' representation. MTD at 5–6.

### A. Ineffectiveness Assistance of Counsel and Malpractice

Because this dispute centers upon the relationship between two legal issues, the Court thinks it useful to sketch the relationship between them. The first legal issue is ineffective assistance of counsel which is derived from the Sixth Amendment of the Constitution and comes into play during challenges to criminal convictions. *See Lafler v. Cooper*, 566 U.S. 156, 162–63 (2012).

The second legal issue is malpractice. The substantive standards for malpractice are governed by state law pursuant to the *Erie* doctrine. *See Berk v. Choy*, 146 S. Ct. 546, 552 (2026). To determine which state law to apply, the Court applies the choice of law rules of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Beach TV Props., Inc. v. Solomon*, 306 F. Supp. 3d 70, 92 (D.D.C. 2018).

Parties have not addressed the issue, but it appears that D.C. choice of law rules would dictate the application of D.C. law to this case. D.C. law employs "a modified 'governmental interests analysis' which seeks to identify the jurisdiction with the 'most significant relationship' to the dispute." *Washkoviak v. Student Loan Mktg Ass'n*, 900 A.2d 168, 180 (D.C. 2006) (internal quotation marks omitted) (quoting *Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990)). All events giving rise to this dispute apparently occurred in D.C., so the Court applies D.C. malpractice law.

To prevail on a legal malpractice claim under D.C. law, a Plaintiff must demonstrate "(1) the applicable standard of care; (2) a breach of that standard; and (3) that the breach caused the harm complained of." *Bain v. Gary, Williams, Parenti, Watson & Gary, P.L.*, 53 F. Supp. 3d 144, 147 (D.D.C. 2014) (citing *Biomet, Inc. v. Finnegan Henderson LLP*, 967 A.2d 662, 664 (D.C. 2009)).

Parties do not dispute the relevant standard of care. Second MTD at 4 ("Defendants agree that they had a duty to use the same skill, prudence, and diligence as other members of the profession commonly possess and exercise.").

Element two, a breach of the standard of care, can interact with ineffective assistance of counsel determinations. The D.C. Court of Appeals has held that "'due care' in legal malpractice

cases requires more than the constitutional minimum" required by the Sixth Amendment. *Smith v. Pub. Def. Serv. for the Dist. of Columbia*, 686 A.2d 210, 213 (D.C. 1996). By that logic, a party could succeed on a malpractice action while failing on a claim of ineffective assistance of counsel. *See id.*

**B. Collateral Estoppel**

That brings us to the issue that the Court must resolve in this motion. Defendant argues that because the Court determined that Plaintiff had not established prejudice in his § 2255 petition, this malpractice case must also be dismissed due to the application of collateral estoppel. Second MTD at 5–6.

1. Legal Standard

Collateral estoppel is governed by federal common law, *see Taylor v. Sturgell*, 553 U.S. 880, 891 (2008), and is permissible if three conditions are met: "[1], the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case[; 2], the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case [; and] [3], preclusion in the second case must not work a basic unfairness to the party bound by the first determination," *Martin v. Dep't of Just.*, 488 F.3d 446, 454 (D.C. Cir. 2007) (alterations in original) (internal quotation marks omitted) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992). "A finding in a criminal proceeding may bar a party from relitigating the same issue in a subsequent civil action." *Johnson v. Sullivan*, 748 F. Supp. 2d 1, 10 (D.D.C. 2010) (citing *Emich Motors Corp. v. Gen. Motors Corp*, 340 U.S. 558, 568–69 (1951)).

2. Application to Count One

With respect to the first condition, Defendants identify the Court's previous ruling on prejudice as the relevant issue. Second MTD at 5.

As to the second condition, there is no dispute the issue of prejudice was "actually and necessarily determined by a court of competent jurisdiction," *Martin*, 488 F.3d at 454, during Plaintiff's challenge to his sentence under 28 U.S.C. § 2255. Under that statute, a court may vacate a sentence that was imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. A plea agreement is unconstitutional if it was not "a voluntary and intelligent choice" considering "the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). "'A plea is not voluntary or intelligent, and therefore unconstitutional, if the advice given by defense counsel on which the defendant relied in entering the plea falls below the level of reasonable competence' required by the Sixth Amendment." *Scurry*, 2026 WL 1266157, at *5 (quoting *In re Sealed Case*, 670 F.3d 1296, 1303 (D.C. Cir. 2011)).

To succeed in that litigation, Plaintiff had to show that Ms. Davis's representation "fell below an objective standard of reasonableness, and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (citations omitted) (first citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984); then citing *Strickland*, 466 U.S. at 694). Plaintiff's challenge failed because the Court concluded that he had not demonstrated prejudice. *United Scurry*, 2026 WL 1266157, at *8. That decision is now on appeal. *See United States v. Scurry*, No. 26-3027 (D.C. Cir. 2026).

The central issue is therefore whether the Court's determination on prejudice makes it impossible for Plaintiff to prevail on his malpractice claim. Defendants' brief is not exactly clear on this point. Their argument spans only three pages and makes the general assertion that collateral estoppel applies to this malpractice action because it raises common issues of fact. Second MTD at 6. Defendants also appear to characterize their argument as a matter of duty. *See id.* at 4 ("Was there a Breach of that Duty[?]"). The Court therefore thinks it wise to comprehensively parse the claims the Defendants may be raising.

To the extent that Defendants are arguing that the inability to establish prejudice in the § 2255 litigation necessarily precludes a finding of a breach of duty in malpractice, they are mistaken. *Smith* stands for the proposition that due care in malpractice requires *more* than *Strickland*. *Smith*, 686 A.2d at 213. It is correspondingly easier to commit a breach of duty making one liable for malpractice than to render ineffective assistance under the Sixth Amendment. *See id.* at 212 ("[L]egal malpractice claims are not automatically barred whenever a plaintiff has pursued unsuccessfully a claim for ineffective assistance of counsel . . . .").

In fact, the *Smith* court took pains to explain that its holding was consistent with *Brown v. Jonz* where the D.C. Court of Appeals had held that a criminal defendant's failure to establish ineffective assistance of counsel under *Strickland* "in no way precluded [him] from bringing a civil action based primarily on [his attorney's] breach of contract due to negligent legal representation." 518 A.2d 415, 457 n.7 (D.C. 1986).

And in the § 2255 litigation, the Court did not decide whether Defendants met the constitutional minimum required by the Sixth Amendment in their representation, it merely concluded that Plaintiff was not prejudiced even assuming that Defendants' representation had been constitutionally deficient. *See Scurry*, 2026 WL 1266157, at *6 ("[E]ven assuming

ineffectiveness, the prejudice requirement is not met here."). Any previous determination regarding prejudice appears irrelevant to any breach of duty. It speaks instead to the consequences of such a breach. In the civil context, prejudice would correspond to the calculation of damages.

Still, collateral estoppel does bar Count One as applied to the issue of causation. Recall that D.C. law requires duty, breach, and proximate cause for a legal malpractice claim. *See Bain*, 53 F. Supp. 3d at 147; *see also Chase v. Gilbert*, 499 A2d 1203, 1212 (D.C. 2010) ("To show that an attorney has been negligent, a party must prove: (1) that there is an attorney-client relationship; (2) that the attorney neglected a reasonable duty; and (3) that the attorney's negligence resulted in and was the proximate cause of a loss to the client.").

The determination that Plaintiff was not prejudiced by Defendants' representation, regardless of any duty breach, precludes Plaintiff from now arguing that Defendants' conduct proximately caused his loss. Specifically, the Court held that "Mr. Scurry cannot make out the prejudice prong of his ineffectiveness claim because his sentencing exposure as to even a single substantive count of distributing cocaine base would have induced a rational decisionmaker to accept the plea that he ultimately entered." *Scurry*, 2026 WL 1266157, at *6.

This case is analogous to *Johnson v. Sullivan*. There, a criminal defendant alleged malpractice against his attorneys, one of whom represented him during his post-conviction proceedings. *Johnson*, 748 F. Supp. 2d at 7. The criminal defendant (and malpractice plaintiff) accused the attorney of failing to investigate his previous attorney's conflict of interest, but a D.C. court had already determined that the previous attorney was not conflicted and that, even assuming that they were, their decision not to impeach a previous client with evidence of past crimes would have made no difference to the witness's credibility. *Id.* at 6–7. The *Johnson* court accordingly

held that "the plaintiff cannot show that [his attorney] breached a duty owed to him or that the outcome of his post-conviction proceedings would have been favorable." *Id.* at 12.

Likewise, because Plaintiff previously failed to establish that he was prejudiced by Defendants' representation during his plea negotiations, he cannot show that their representation proximately caused his injury. The D.C. Court of Appeals has "defined proximate causation as that cause which, in natural and continual sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred." *Dist. of Columbia v. Zukerberg*, 880 A.2d 276, 281 (D.C. 2005) (internal quotation marks omitted) (quoting *St. Paul Fire & Marine Ins. Co. v. James G. Davis Constr. Corp.*, 350 A.2d 751, 752 (D.C. 1976)). Because the Court concluded that Plaintiff would have taken the plea anyway, *Scurry*, 2026 WL 1266157, at *6, Defendants' representation was therefore not the proximate cause of any harms associated with the plea.

That result makes sense considering the differing burdens of proof in § 2255 petitions and legal malpractice actions. Demonstrating proximate cause under D.C. law requires proof by a preponderance of the evidence. *See Dist. of Columbia v. Freeman*, 477 A.2d 713, 715 (D.C. 1984). In contrast, a § 2255 petitioner prevails under a lower standard of reasonable likelihood. *See Scurry*, 2026 WL 1266157, at *5 ("While the petitioner need not show that counsel's deficient conduct 'more likely than not' caused him to plead guilty rather than proceed to trial, he must establish that it was 'reasonably likely' that he would have gone to trial but for counsel's errors." (citing *Strickland*, 466 U.S. at 693–96)). Logically, if Plaintiff could not demonstrate a reasonable likelihood that he would have gone to trial instead of taking the plea, he could also not demonstrate that Defendants' proximately caused the harm resulting from the plea by a preponderance of the evidence.

3. Application to Count Two

Collateral estoppel is a closer issue with respect to Count Two. The previous decision only reached the issue of prejudice resulting from Plaintiff's acceptance of his plea in 2012. *See Scurry*, 2026 WL 1266157, at *6. But Plaintiff points out that the Complaint alleges a second count of malpractice occurring between 2017 and 2022, during Defendants' post-conviction representation. Compl. ¶¶ 54–98; *see also* Pl.'s Resp. at 12. And the Court explicitly noted that "Mr. Scurry could have been prejudiced by Ms. Davis's post-conviction representation since she predictably did not raise her own ineffectiveness in his first § 2255 petition." *Scurry*, 2026 WL 1266157, at *6 n.1.

Ultimately, the Court is not persuaded that Count Two's allegations are sufficiently independent to avoid collateral estoppel.

Defendants argument to this point is threadbare. They assert that though that count "specifies a different time period, the facts raised are the same as those in Plaintiff's 2255 . . . ." Defs.' Reply, ECF No. 34, at 2 n.2. Presumably Defendants' theory is that if Plaintiff's ineffective assistance claim would have failed due to lack of prejudice, *see Scurry*, 2026 WL 1266157, at *6, it would not matter whether or not Ms. Davis had raised the issue during post-conviction proceedings. Put another way, Plaintiff's damages stem from his allegedly unlawful imprisonment. *See* Compl. ¶ 2. But even if Ms. Davis had raised her ineffectiveness, Plaintiff's inability to demonstrate prejudice would prevent him from successfully challenging his sentence. As with Count One, he would therefore be unable to demonstrate that Ms. Davis proximately caused his injury.

True, prejudice is presumed for ineffective assistance of counsel purposes when a criminal defendant demonstrates a conflict of interest. *U.S. v. Gray-Burriss*, 791 F.3d 50, 62 (D.C. Cir.

2015) ("[I]f a defendant can show that 'a conflict of interest actually affected the adequacy of [the attorney's] representation,' he 'need not demonstrate prejudice in order to obtain relief.'" (alteration in original) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 349–50 (1980)). And the Circuit has observed that "the record incontrovertibly establishes that the conflict of interest impaired Davis's representation of Scurry in the district court and in this court." *Scurry*, 992 F.3d at 1068–69. But that presumption does not overcome the Court's determination that no prejudice, in fact, occurred.

4. Plaintiff's Remaining Arguments

Plaintiff argues that the Court should "decline to apply collateral estoppel to [Plaintiff's] claim that [Defendants] committed malpractice . . . ." Pl.'s Resp. at 12–13. Plaintiff points out that collateral estoppel is an equitable doctrine and should not be applied if doing so would create unfairness. *Id.* at 13; *see also Jack Faucett Assocs., Inc. v. Am. Tel. & Tel. Co.*, 744 F.2d 118, 125 (D.C. Cir. 1984). It would be unjust to apply collateral estoppel here, Plaintiff claims, because the Court's decision on Plaintiff's § 2255 motion was closely decided and that the Court issued a certificate of appealability due to the "recognition that reasonable disagreement is possible over its 'judgment call' on prejudice in this case." *Id.* at 14.

But "a court conducting an issue preclusion analysis does not review the merits of the determinations in the earlier litigation." *Consolidated Edison Co. of N.Y. v. Bodman*, 449 F.3d 1254, 1257 (D.C. Cir. 2006). And "collateral estoppel may be applied to a trial court finding even while the judgment is pending on appeal." *S. Pacific Comms. Co. v. Am. Tel.& Tel. Co.*, 740 F.2d 1011, 1018 (D.C. Cir. 1984); *see also Johnson*, 784 F. Supp. 2d at 11.

Furthermore, applying collateral estoppel would not create "basic unfairness" because "is incentives to litigate the point now disputed were no less present in the prior case, nor are the stakes of the present case of 'vastly greater magnitude.'" *Martin*, 488 F.3d at 455 (quoting *Yamaha*, 961 F.2d at 254). And Plaintiff "had an ample opportunity to have his challenge heard . . . ." *Id.*

Of course, should the D.C. Circuit reverse on the issue of prejudice, Plaintiff may at that time move for reconsideration. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (noting that reconsideration is available when there has been a "controlling or significant change in the law or facts" since the submission of the issue to the Court (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)); *Licci v. Lebanese Canadian Bank, SAL*, No. 8 Civ. 7253, 2018 WL 5090972, at *1–*3 (S.D.N.Y. Oct. 3, 2018) (granting motion for reconsideration because the earlier judgment upon which the court based its collateral estoppel dismissal was reversed).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted. An Order accompanying this Memorandum Opinion shall issue.

Date: 23 October, 2026

Royce C. Lamberth
Hon. Royce C. Lamberth
United States District Judge